LYNES *versus* THE STATE.

QUESTION IN THIS CASE.

*Relative to the reference of questions novel and diffi-cult.*

1. Where, at one term, a decision of the court is made on de-murrer to a plea in abatement, against a defendant in a prose-cution; a judge, at a subsequent term, has no authority to re-view the propriety of that decision, and refer the question as novel and difficult.

This was an indictment against Lynes, in Madi-son Circuit Court, for gaming. The record disclos-ed that he plead in abatement; and that a demurrer to that plea was sustained by the Court. At a term, subsequent to these proceedings a verdict was ren-dered in favor of the State; and in arrest of judg-ment, the defendant mooted the previous decision of the Court, on the demurrer to this plea. The Court decided against the motion in arrest of judg-ment, but reserved the question for the opinion of this Court.

*McClung,* for Lynes—*The Attorney General, con-tra.* .

PER CURIAM.—In this case, the plaintiff in error pleaded in abatement, to an indictment against him, for having played a game at cards. To his plea a demurrer was taken by the attorney of the State, which was sustained by the Court.

At a term subsequent to that in which the deci-

sion of this issue in law was made, Lynes was tried on the indictment, upon his plea of not guilty, and the verdict of the jury was against him. After the verdict, he moved in arrest of judgment, because the Court had erred, in sustaining the demurrer to his plea in abatement. The Court overruled the motion, and referred the question, as difficult and novel, to this Court, whether the Circuit Court, at a previous term, did err, in sustaining the demurrer?

The Circuit Court, upon the motion to arrest the judgment, had no power to review the judgment on the demurrer. The demurrer was decided at a previous term, and by a different judge, who did not express his opinion, that the question which arose upon the demurrer, was novel and difficult. Had he done so, and reserved it, it might now be considered by this Court.

As the Court which referred the question, had no power to determine it, it follows that the Court had none, to decide there was difficulty in the question, and reserve it for the consideration of this Court,

Let the reference be dismissed.